**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 17-664 |
| ) | |
| v. ) | |
| ) | Chief Judge Braden |
| THE UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| ALLTRAN EDUCATION, INC., ) | |
| PIONEER CREDIT RECOVERY, INC., ) | |
| COAST PROFESSIONAL, INC., and ) | |
| NATIONAL RECOVERIES, INC. ) | |
| ) | |
| Defendant-Intervenors. ) | |
| ) | |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Continental Service Group, Inc. in the above-named case hereby appeals to the United States Court of Appeals for the Federal Circuit from: (a) the United States Court of Federal Claims' November 30, 2017 Order on Defendant's Motion to Dismiss [Dkt. No. 54]; (b) the United States Court of Federal Claims' December 4, 2017 Memorandum and Final Order [Dkt. No. 57]; and (c) the Judgment entered December 4, 2017 [Dkt. No. 58].

Dated: December 6, 2017.

Respectfully submitted,

| | |
|---|---|
| *Of Counsel* | s/ Edward H. Meyers |
| Todd J. Canni | Edward H. Meyers |
| Alexander B. Ginsberg | STEIN MITCHELL CIPOLLONE |
| J. Matthew Carter | BEATO & MISSNER LLP |
| Meghan D. Doherty | 1100 Connecticut Avenue, N.W. |
| Aaron S. Ralph | Suite 1100 |
| PILLSBURY WINTHROP | Washington, DC 20036 |
| SHAW PITTMAN LLP | Tel.: (202) 661-0945 |

725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Tel.: (213) 488-7213
Fax: (213) 629-1033
Email: todd.canni@pillsburylaw.com
alexander.ginsberg@pillsburylaw.com
matt.carter@pillsburylaw.com
meghan.doherty@pillsburylaw.com
aaron.ralph@pillsburylaw.com

Fax.: (202) 296-8312
Email: emeyers@steinmitchell.com

*Counsel of Record for Plaintiff
Continental Service Group, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on December 6, 2017, a true and correct copy of the foregoing was filed electronically via the CM/ECF system.

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
*Counsel of Record*
STEIN MITCHELL CIPOLLONE
BEATO & MISSNER LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
Tel.: (202) 661-0945
Fax.: (202) 296-8312
Email: emeyers@steinmitchell.com

*Attorney for Continental Service Group, Inc.*

# United States Court of Appeals for the Federal Circuit
# In the United States Court of Federal Claims

## Appeal Information Sheet

**Assigned to:**   Chief Judge Susan G. Braden

**Referred to:**

**Nature of Suit:** 140

**Type of Case**:   Contract - (Post Award) Injunction

CONTINENTAL SERVICE GROUP, INC.,

     *Plaintiff(s),*

     v.

THE UNITED STATES,

     *Defendant,*

---

**Docket No.**   17-664 C.

**Cross or Related**?   No.

**Appellant is**:   Plaintiff.

**Date Judgment Entered**:   December 4, 2017.

**Date of Appeal:**   December 6, 2017.

**Fee**: $505.00 Paid.

---

*See docket sheet for defendant and plaintiff counsel representation information*

APPEAL,CLOSED,ECF,PROTO

## US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:17-cv-00664-SGB
## Internal Use Only

CONTINENTAL SERVICE GROUP, INC. v. USA

Assigned to: Chief Judge Susan G. Braden

Cause: 28:1491 Tucker Act

Date Filed: 05/22/2017
Date Terminated: 12/04/2017
Jury Demand: None
Nature of Suit: 140 Contract - (Post Award) Injunction
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**CONTINENTAL SERVICE GROUP, INC.**

represented by **Edward Hulvey Meyers**
Stein, Mitchell, et al.
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
(202) 737-7777
Fax: (202) 296-8312
Email: emeyers@steinmitchell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**USA**

represented by **Michael Damien Snyder**
U.S. Department of Justice - Civil Division (G)
Post Office Box 480
Ben Franklin Station
Washington, DC 20044
(202) 616-0842
Fax: (202) 514-8624
Email: michael.snyder@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**ALLTRAN EDUCATION, INC.**

represented by

**Daniel R. Forman**
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
(202) 624-2504
Fax: (202) 628-5116
Email: dforman@crowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

| | | |
|---|---|---|
| **PIONEER CREDIT RECOVERY, INC.** | represented by | **Jonathan D. Shaffer**
Smith Pachter McWhorter PLC
8000 Towers Crescent Drive
Suite 900
Tysons Corner, VA 22182
(703) 847-6300
Fax: (703) 847- 6312
Email: jshaffer@smithpachter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED* |

**Intervenor Defendant**

| | | |
|---|---|---|
| **COAST PROFESSIONAL, INC.** | represented by | **Megan Carey Connor**
PilieroMazza PLLC
888 17th Street, NW
11th Floor
Washington, DC 20006
(202) 857-1000
Fax: (202) 857-0200
Email: mconnor@pilieromazza.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED* |

**Intervenor Defendant**

| | | |
|---|---|---|
| **NATIONAL RECOVERIES, INC.** | represented by | **Edward Thomas DeLisle**
Cohen, Seglias, et al.
30 South 17th Street
19th Floor
Philadelphia, PA 19103
(215) 564-1700
Fax: (215) 564-3066
Email: edelisle@cohenseglias.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 12/06/2017 | | 59 | NOTICE OF APPEAL as to 54 Order on Motion to Dismiss - Rule 12(b)(1), 58 Judgment, filed by CONTINENTAL SERVICE GROUP, INC.. Filing fee $ 505, receipt number 9998-4350852. Copies to judge, opposing party and CAFC. (Meyers, Edward) (Entered: 12/06/2017) |
| --- | --- | --- | --- |
| 12/04/2017 | | 58 | JUDGMENT entered, pursuant to Rule 58, dismissing plaintiff's amended complaint. (Copy to parties) (dls) (Entered: 12/04/2017) |
| 12/04/2017 | | 57 | UNREPORTED MEMORANDUM OPINION and FINAL ORDER. The Clerk is directed to enter judgment. Signed by Chief Judge Susan G. Braden. (cn) Copy to parties. (Entered: 12/04/2017) |
| 12/04/2017 | 🔒 | 56 | **SEALED**NOTICE, filed by USA *of Proposed Correction to Memorandum Opinion and Final Order* (Snyder, Michael) (Entered: 12/04/2017) |
| 12/04/2017 | 🔒 | 55 | **SEALED**NOTICE, filed by COAST PROFESSIONAL, INC. *of Requested Correction to Memorandum Opinion and Final Order* (Connor, Megan) (Entered: 12/04/2017) |
| 11/30/2017 | 🔒 | 54 | **SEALED**ORDER granting 37 Motion to Dismiss Signed by Chief Judge Susan G. Braden. (cn) Copy to parties. (Entered: 11/30/2017) |
| 11/17/2017 | | 53 | RESPONSE to 52 MOTION to Compel *Production of the Administrative Record* , filed by USA.**Reply due by 11/27/2017.** (Moses, Jana) (Entered: 11/17/2017) |
| 11/03/2017 | | 52 | MOTION to Compel *Production of the Administrative Record*, filed by CONTINENTAL SERVICE GROUP, INC..**Response due by 11/17/2017.**(Canni, Todd) (Entered: 11/03/2017) |
| 08/04/2017 | | 51 | SUR-REPLY re 37 MOTION to Dismiss pursuant to Rule 12(b)(1) , filed by CONTINENTAL SERVICE GROUP, INC. pursuant to 50 Order. Service: 8/4/2017.(hw1) (Entered: 08/04/2017) |
| 08/04/2017 | | 50 | ORDER granting 49 Motion for Leave to File Signed by Chief Judge Susan G. Braden. (cn) Copy to parties. (Entered: 08/04/2017) |
| 08/03/2017 | | 49 | MOTION for Leave to File Sur-Reply , filed by CONTINENTAL SERVICE GROUP, INC..**Response due by 8/17/2017.** (Attachments: # 1 Exhibit A)(Meyers, Edward) (Entered: 08/03/2017) |
| 07/27/2017 | | 48 | REPLY to Response to Motion re 37 MOTION to Dismiss pursuant to Rule 12(b)(1) , filed by USA. (Snyder, Michael) (Entered: 07/27/2017) |
| 07/10/2017 | | 47 | RESPONSE to 37 MOTION to Dismiss pursuant to Rule 12(b)(1) , filed by CONTINENTAL SERVICE GROUP, INC..**Reply due by 7/27/2017.** (Attachments: # 1 Text of Proposed Order)(Meyers, Edward) (Entered: 07/10/2017) |
| 07/07/2017 | | 46 | RESPONSE to 37 MOTION to Dismiss pursuant to Rule 12(b)(1) *Response in Support of Motion*, filed by NATIONAL RECOVERIES, INC..**Reply due by 7/24/2017.** (DeLisle, Edward) Modified on 7/10/2017 to correct reply due date (dw). (Entered: 07/07/2017) |

| 07/05/2017 | 45 | RESPONSE to 37 MOTION to Dismiss pursuant to Rule 12(b)(1) , filed by COAST PROFESSIONAL, INC..**Reply due by 7/24/2017.** (Connor, Megan) Modified on 7/6/2017 to correct reply due date (dw). (Entered: 07/05/2017) |
| --- | --- | --- |
| 07/03/2017 | 44 | REPLY to Response to Motion re 38 MOTION to Consolidate Cases 17-449 with this case , filed by CONTINENTAL SERVICE GROUP, INC.. (Ginsberg, Alexander) (Entered: 07/03/2017) |
| 06/21/2017 | 43 | RESPONSE to 38 MOTION to Consolidate Cases 17-449 with this case , filed by USA.**Reply due by 7/3/2017.** (Snyder, Michael) (Entered: 06/21/2017) |
| 06/19/2017 | | ORDER granting 40 Application for Access to Protected Material; granting 41 Application for Access to Protected Material; granting 42 Application for Access to Protected Material Signed by Chief Judge Susan G. Braden. (rgh) Copy to parties. (Entered: 06/19/2017) |
| 06/19/2017 | 42 | APPLICATION for Access to Protected Material by Jacqueline J. Ryan, filed by NATIONAL RECOVERIES, INC..(DeLisle, Edward) (Entered: 06/19/2017) |
| 06/19/2017 | 41 | APPLICATION for Access to Protected Material by Maria L. Panichelli, filed by NATIONAL RECOVERIES, INC..(DeLisle, Edward) (Entered: 06/19/2017) |
| 06/19/2017 | 40 | APPLICATION for Access to Protected Material by Edward T. DeLisle, filed by NATIONAL RECOVERIES, INC..(DeLisle, Edward) (Entered: 06/19/2017) |
| 06/16/2017 | | ORDER granting 19 Application for Access to Protected Material; granting 20 Application for Access to Protected Material; granting 21 Application for Access to Protected Material; granting 22 Application for Access to Protected Material; granting 23 Application for Access to Protected Material; granting 24 Application for Access to Protected Material; granting 25 Application for Access to Protected Material; granting 26 Application for Access to Protected Material; granting 27 Application for Access to Protected Material; granting 28 Application for Access to Protected Material; granting 29 Application for Access to Protected Material; granting 30 Application for Access to Protected Material; granting 31 Application for Access to Protected Material; granting 32 Application for Access to Protected Material; granting 33 Application for Access to Protected Material; granting 34 Application for Access to Protected Material; granting 35 Application for Access to Protected Material; granting 36 Application for Access to Protected Material Signed by Chief Judge Susan G. Braden. (rgh) Copy to parties. (Entered: 06/16/2017) |
| 06/16/2017 | 39 | ORDER granting 18 Motion to Intervene Signed by Chief Judge Susan G. Braden. (rgh) Copy to parties. (Entered: 06/16/2017) |
| 06/09/2017 | 38 | |

| | | |
|---|---|---|
| | | MOTION to Consolidate Cases 17-449 with this case , filed by CONTINENTAL SERVICE GROUP, INC..**Response due by 6/26/2017.** (Ginsberg, Alexander) (Entered: 06/09/2017) |
| 06/09/2017 | 37 | MOTION to Dismiss pursuant to Rule 12(b)(1) , filed by USA.**Response due by 7/10/2017.**(Snyder, Michael) (Entered: 06/09/2017) |
| 06/09/2017 | 36 | APPLICATION for Access to Protected Material by Aaron S. Ralph, filed by CONTINENTAL SERVICE GROUP, INC..(Meyers, Edward) (Entered: 06/09/2017) |
| 06/09/2017 | 35 | APPLICATION for Access to Protected Material by Richard B. Oliver, filed by CONTINENTAL SERVICE GROUP, INC..(Meyers, Edward) (Entered: 06/09/2017) |
| 06/09/2017 | 34 | APPLICATION for Access to Protected Material by Alexander B. Ginsberg, filed by CONTINENTAL SERVICE GROUP, INC..(Meyers, Edward) (Entered: 06/09/2017) |
| 06/09/2017 | 33 | APPLICATION for Access to Protected Material by Meghan D. Doherty, filed by CONTINENTAL SERVICE GROUP, INC..(Meyers, Edward) (Entered: 06/09/2017) |
| 06/09/2017 | 32 | APPLICATION for Access to Protected Material by J. Matthew Carter, filed by CONTINENTAL SERVICE GROUP, INC..(Meyers, Edward) (Entered: 06/09/2017) |
| 06/09/2017 | 31 | APPLICATION for Access to Protected Material by Todd Canni, filed by CONTINENTAL SERVICE GROUP, INC..(Meyers, Edward) (Entered: 06/09/2017) |
| 06/09/2017 | 30 | APPLICATION for Access to Protected Material by Edward Meyers, filed by CONTINENTAL SERVICE GROUP, INC..(Meyers, Edward) (Entered: 06/09/2017) |
| 06/05/2017 | 29 | APPLICATION for Access to Protected Material by Zachary D. Prince, filed by PIONEER CREDIT RECOVERY, INC..(Shaffer, Jonathan) (Entered: 06/05/2017) |
| 06/02/2017 | 28 | APPLICATION for Access to Protected Material by Robert J. Sneckenberg, filed by ALLTRAN EDUCATION, INC..(Forman, Daniel) (Entered: 06/02/2017) |
| 06/02/2017 | 27 | APPLICATION for Access to Protected Material by James G. Peyster, filed by ALLTRAN EDUCATION, INC..(Forman, Daniel) (Entered: 06/02/2017) |
| 06/02/2017 | 26 | APPLICATION for Access to Protected Material by Stephanie L. Crawford, filed by ALLTRAN EDUCATION, INC..(Forman, Daniel) (Entered: 06/02/2017) |
| 06/02/2017 | 25 | APPLICATION for Access to Protected Material by Daniel R. Forman, filed by ALLTRAN EDUCATION, INC..(Forman, Daniel) (Entered: 06/02/2017) |
| | | |

| | | | |
|---|---|---|---|
| 06/02/2017 | | 24 | APPLICATION for Access to Protected Material by Julia Di Vito, filed by COAST PROFESSIONAL, INC..(Connor, Megan) (Entered: 06/02/2017) |
| 06/02/2017 | | 23 | APPLICATION for Access to Protected Material by Pamela J. Mazza, filed by COAST PROFESSIONAL, INC..(Connor, Megan) (Entered: 06/02/2017) |
| 06/02/2017 | | 22 | APPLICATION for Access to Protected Material by Megan C. Connor, filed by COAST PROFESSIONAL, INC..(Connor, Megan) (Entered: 06/02/2017) |
| 06/02/2017 | | 21 | APPLICATION for Access to Protected Material by Jonathan D. Shaffer, filed by PIONEER CREDIT RECOVERY, INC..(Shaffer, Jonathan) (Entered: 06/02/2017) |
| 06/02/2017 | | 20 | APPLICATION for Access to Protected Material by Mary Pat Buckenmeyer, filed by PIONEER CREDIT RECOVERY, INC..(Shaffer, Jonathan) (Entered: 06/02/2017) |
| 06/02/2017 | | 19 | APPLICATION for Access to Protected Material by Sean K. Griffin, filed by PIONEER CREDIT RECOVERY, INC..(Shaffer, Jonathan) (Entered: 06/02/2017) |
| 06/01/2017 | | 18 | Unopposed MOTION to Intervene , filed by NATIONAL RECOVERIES, INC..**Response due by 6/19/2017.** (Attachments: # 1 Certificate of Service, # 2 Proposed Order, # 3 Rule 7.1 Disclosure Statement)(DeLisle, Edward) (Entered: 06/01/2017) |
| 06/01/2017 | | 17 | ORDER granting 9 Motion to Intervene; granting 10 Motion to Intervene; granting 13 Motion to Intervene Signed by Chief Judge Susan G. Braden. (rgh) Copy to parties. (Entered: 06/01/2017) |
| 06/01/2017 | | 16 | ORDER granting 5 Motion for Protective Order Signed by Chief Judge Susan G. Braden. (rgh) Copy to parties. (Main Document 16 replaced on 6/1/2017) (dw). (Entered: 06/01/2017) |
| 06/01/2017 | | | ORDER granting 6 Motion to Seal Document Signed by Chief Judge Susan G. Braden. (rgh) Copy to parties. (Entered: 06/01/2017) |
| 05/31/2017 | 🔒 | 15 | **SEALED**Amended MOTION for Preliminary Injunction , Amended MOTION for Temporary Restraining Order , filed by CONTINENTAL SERVICE GROUP, INC..**Response due by 6/19/2017.** (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Text of Proposed Order)(Meyers, Edward) (Entered: 05/31/2017) |
| 05/31/2017 | 🔒 | 14 | **SEALED**AMENDED COMPLAINT against USA, filed by CONTINENTAL SERVICE GROUP, INC.. , filed by CONTINENTAL SERVICE GROUP, INC.. (Meyers, Edward) Modified on 6/1/2017. Party may respond within time remaining to original pleading (dw). (Entered: 05/31/2017) |
| 05/26/2017 | | 13 | |

| | | |
|---|---|---|
| | | Unopposed MOTION to Intervene , filed by COAST PROFESSIONAL, INC..**Response due by 6/12/2017.** (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Rule 7.1 Disclosure)(Connor, Megan) (Entered: 05/26/2017) |
| 05/24/2017 | 12 | NOTICE of Appearance by Michael Damien Snyder for USA . (Snyder, Michael) (Entered: 05/24/2017) |
| 05/23/2017 | 11 | Rule 7.1 Disclosure Statement , filed by PIONEER CREDIT RECOVERY, INC.. (Shaffer, Jonathan) (Entered: 05/23/2017) |
| 05/23/2017 | 10 | MOTION to Intervene , filed by PIONEER CREDIT RECOVERY, INC..**Response due by 6/9/2017.**(Shaffer, Jonathan) (Entered: 05/23/2017) |
| 05/23/2017 | 9 | Unopposed MOTION to Intervene *as Defendant*, filed by ALLTRAN EDUCATION, INC..**Response due by 6/9/2017.** (Attachments: # 1 Text of Proposed Order, # 2 Rule 7.1 Disclosure Statement)(Forman, Daniel) (Entered: 05/23/2017) |
| 05/22/2017 | 8 | Rule 7.1 Disclosure Statement, filed by CONTINENTAL SERVICE GROUP, INC.. Service: 5/22/2017. (dw) (Entered: 05/22/2017) |
| 05/22/2017 | 7 | NOTICE of Directly Related Case(s) [15-207 C, 15-242 C, 15-249 C, 15-265 C and 17-449 C], filed by CONTINENTAL SERVICE GROUP, INC.. Service: 5/22/2017. (dw) (Entered: 05/22/2017) |
| 05/22/2017 | 6 | MOTION to Seal Document 1 Complaint, 4 MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction and Memorandum of Points and Authorities, filed by CONTINENTAL SERVICE GROUP, INC.. Service: 5/22/2017. **Response due by 6/8/2017.** (dw) (Entered: 05/22/2017) |
| 05/22/2017 | 5 | MOTION for Protective Order, filed by CONTINENTAL SERVICE GROUP, INC.. Service: 5/22/2017. **Response due by 6/8/2017.** (dw) (Entered: 05/22/2017) |
| 05/22/2017 | 4 | **SEALED** MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction and Memorandum of Points and Authorities, filed by CONTINENTAL SERVICE GROUP, INC.. Service: 5/22/2017. **Response due by 6/8/2017.** (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Proposed Order) (dw) (Entered: 05/22/2017) |
| 05/22/2017 | 3 | NOTICE of Designation of Electronic Case. (dw) (Entered: 05/22/2017) |
| 05/22/2017 | 2 | NOTICE of Assignment to Chief Judge Susan G. Braden. (dw) (Entered: 05/22/2017) |
| 05/22/2017 | 1 | **SEALED** COMPLAINT against USA (ED) (Filing fee $400, Receipt number 9998-3970117) (Copy Served Electronically on Department of Justice), filed by CONTINENTAL SERVICE GROUP, INC.. **Answer due by 7/21/2017.** (Attachments: # 1 Civil Cover Sheet) (dw) (Entered: 05/22/2017) |

# In the United States Court of Federal Claims

No. 17-664

Filed: December 4, 2017*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| | * | |
| CONTINENTAL SERVICE | * | |
| GROUP, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Fair Debt Collection Practices Act ("FDCPA"), |
| v. | * | 15 U.S.C. § 1692 (2012); |
| | * | Rule of the United States Court of Federal Claims |
| | * | ("RCFC") 12(b)(1) (Lack of Subject |
| THE UNITED STATES, | * | Matter Jurisdiction and Lack of |
| | * | Standing); 40.1(b) (Assigning and |
| Defendant, | * | Transferring Cases); |
| | * | Unfair, Deceptive, or Abusive Acts or Practices |
| and | * | ("UDAAP"), 12 U.S.C. § 5536 (2012); |
| | * | United States Court of Federal Claims Bid |
| ALLTRAN EDUCATION, INC., | * | Protest Jurisdiction, 28 U.S.C. |
| PIONEER CREDIT RECOVERY, INC., | * | § 1491(b)(1). |
| COAST PROFESSIONAL, INC., | * | |
| NATIONAL RECOVERIES, INC., | * | |
| | * | |
| Defendant-Intervenors. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Edward Hulvey Meyers**, Stein, Mitchell, Cipollone, Beato & Missner LLP, Washington, D.C., Counsel for Plaintiff.

**Michael Damien Snyder**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**Daniel R. Forman**, Crowell & Moring LLP, Washington, D.C., Counsel for Alltran Education, Inc., Defendant-Intervenor.

---

\*       On November 30, 2017, the court forwarded a sealed copy of this Memorandum Opinion And Final Order to the parties to redact any confidential and/or privileged information from the public version and note any citation or editorial errors that required corrections by 3:00 PM (EST) on December 4, 2017. The court incorporated the suggested corrections herein.

**Jonathan D. Shaffer**, Smith, Pachter, McWhorter PLC, Tysons Corner, Virginia, Counsel for Pioneer Credit Recovery, Inc., Defendant-Intervenor.

**Megan Carey Connor**, PilieroMazza PLLC, Washington, D.C., Counsel for Coast Professional, Inc., Defendant-Intervenor.

**Edward Thomas DeLisle**, Cohen, Seglias, Pallas, Greenhall & Furman PC, Philadelphia, Pennsylvania, Counsel for National Recoveries, Inc., Defendant-Intervenor.

**MEMORANDUM OPINION AND FINAL ORDER GRANTING
THE GOVERNMENT'S MOTION TO DISMISS**

**BRADEN**, *Chief Judge*.

## I.     RELEVANT FACTUAL BACKGROUND.[1]

On May 29, 2008, under a General Services Administration ("GSA") Schedule contract, the United States Department of Education ("ED") issued RFQ No. ED-08-0052 to award "Performance-Based, Firm Fixed Price" Task Orders to Private Collection Agencies ("PCAs") to collect defaulted student loans.  7/10/17 ConServe Resp. at 3.

In July 2009, ED awarded twenty-two identical "Performance-Based, Firm Fixed Price" Task Orders (the "2009 Task Orders") to twenty-two PCAs.  7/10/17 ConServe Resp. at 3; 5/31/17 Am. Compl. ¶ 5.  Seventeen of the twenty-two 2009 Task Orders were awarded to unrestricted PCAs, including Continental Service Group, Inc. ("ConServe"), and five others were awarded to small business PCAs.[2]  5/31/17 Am. Compl. ¶ 10.

---

[1]     The facts discussed herein were derived from: ConServe's May 22, 2017 Motion For Protective Order ("5/22/17 ConServe Mot., Exs. 1–8"); ConServe's May 31, 2017 Amended Complaint ("5/31/17 Am. Compl. ¶¶ 1–52"); the Government's June 9, 2017 Motion To Dismiss ("6/9/17 Gov't Mot."); and ConServe's July 10, 2017 Response to the Government's Motion To Dismiss ("7/10/17 ConServe Resp.").  *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993) (holding that the court can look beyond the face of the pleadings in order to find predicate jurisdictional facts when deciding a motion to dismiss for lack of subject matter jurisdiction).

[2]     The "Rule of Two," set forth in the Federal Acquisition Regulations ("FAR"), provides that federal agencies must

> set aside any acquisition over $150,000 for small business participation when there is a reasonable expectation that: (1) Offers will be obtained from at least two responsible small business concerns offering the products of different small business concerns . . . ; and (2) Award will be made at fair market prices.

48 C.F.R. § 19.502-2(b).

Under Section H.4 of the 2009 Task Orders, ED had discretion to issue Award Term Extensions ("ATEs") to eligible PCAs. 5/22/17 ConServe Mot., Ex. 1 at 19. An ATE is a "new task order[] to perform work after the end of the . . . 2009 Task Orders." 7/10/17 ConServe Resp. at 3. Section H.4 states, in relevant part,

**H.4    AWARD TERM EXTENSION**

In addition to the Ordering Periods stated in Clause B.3 and *any options terms exercised pursuant to clause H.1*, *the Contractor may earn performance extensions (hereinafter called "award terms")*, based upon the quality of performance during the evaluation periods. If the Contractor has an average CPCS rating of 75 or greater over the life of the Task Order,[3] or the last 12 CPCS periods (whichever is shorter), *the Government may, award* the Contractor an award-term extension in accordance with the terms of this clause in recognition of the Contractor's excellent or better quality performance.

5/22/17 ConServe Mot., Ex. 1 at 19 (emphasis added).

Awardee performance on the 2009 Task Orders was evaluated by ED's Competitive Performance and Continuous Surveillance ("CPCS") program. 7/10/17 ConServe Resp. at 3. The CPCS program considered three primary indicators to evaluate PCA performance: (1) the dollars collected; (2) the percentage of accounts placed with the PCA where a payment was made; and (3) the accounts in administrative resolution. 5/31/17 Am. Compl. ¶ 12.

To determine a CPCS score

the unrestricted PCAs were measured against each other on a quarterly basis in each of the three primary performance indicators [and t]he top performing unrestricted PCA in each of the three performance indicators received all of the available points for that category, and each of the other unrestricted PCAs would get points based on the relative percentage that PCA was behind the top-performing PCA.

5/31/17 Am. Compl. ¶ 13.

In December 2014, ED evaluated all twenty-two PCAs that received 2009 Task Orders for compliance with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (2012) and the Unfair, Deceptive, or Abusive Acts or Practices statute ("UDAAP"), 12 U.S.C. § 5536 (2012) (the "ED Compliance Evaluation"). 6/9/17 Gov't Mot. at 2.

The ED Compliance Evaluation

randomly reviewed approximately 100 telephone calls between each PCA and a defaulted borrower. When [ED] believed that a PCA had violated the FDCPA or UDAAP, the call was marked as a having an error. [ED] then calculated an error

---

[3]    ED "later changed [the qualifying CPCS rating] to 85 points." 5/31/17 Am. Compl. ¶ 14.

rate by counting all the calls with at least one error and dividing that by the total number of calls reviewed, and multiplying by 100.

5/31/17 Am. Compl. ¶ 18.

In early 2015, ED determined that nine PCAs were eligible for an ATE, based on their CPCS scores. 7/10/17 ConServe Resp. at 4. The nine eligible PCAs included the following unrestricted and small-business PCAs: ConServe; [Alltran Education, Inc.] ("Alltran")[4]; Pioneer Credit Recovery, Inc. ("Pioneer"); Account Control Technology, Inc. ("ACT"); Financial Management Systems, Inc. ("FMS"); GC Services LP ("GC Services"); Windham Professionals, Inc. ("Windham"); Coast Professional, Inc. ("Coast Professional"); and National Recoveries, Inc. ("NRI"). 5/31/17 Am. Compl. ¶ 16. But, on or about February 19, 2015, ED "determined that the error rates for Coast [Professional], NRI, [Alltran], and Pioneer exceeded an acceptable threshold and they would not be given an ATE." 5/31/17 Am. Compl. ¶ 19 (emphasis omitted).

On or about February 21, 2015, ED issued a notice of intent to award 2015 ATE Task Orders to ConServe, ACT, FMS, GC Services, and Windham. 5/31/17 Am. Compl. ¶ 20.

Between March 2, 2015 and March 16, 2015, Coast Professional, NRI, Alltran, and Pioneer filed separate complaints in the United States Court of Federal Claims challenging ED's [2015 ATE Task Order] award. *See Coast Prof'l, Inc. v. United States*, No. 15-207; *National Recoveries, Inc. v. United States*, No. 15-242; *Enterprise Recovery Systems v. United States*, No. 15-249; *Pioneer Credit Recovery, Inc. v. United States*, No. 15-265.[5]

On April 14, 2015, the United States Court of Federal Claims "dismissed [*Coast Professional, Inc. v. United States*, No. 15-207] for lack of subject matter jurisdiction, determining that the ATE awards were a matter of contract administration, reviewable only under the Contract Disputes Act ("CDA"). *See Coast Prof'l, Inc. v. United States*, 120 Fed. Cl. 727, 736 (Fed. Cl. 2015) ("*Coast Professional I*").

On April 15, 2015, Alltran filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit. *See Coast Prof'l, Inc. v. United States*, No. 15-207, Dkt. 149 at 1 (Fed. Cl. Apr. 15, 2015).

On or about April 17, 2015, ED issued identical ATE Task Orders to ConServe, ACT, FMS, GC Services, and Windham (the "2015 ATE Task Orders"). 5/31/17 Am. Compl. ¶ 21. The

---

[4]    In 2015, when ED determined that nine PCAs were eligible for ATEs, this company was named Enterprise Recovery Systems, Inc., but subsequently changed its name to Alltran Education, Inc. 6/9/17 Gov't Mot. at 2 n.1.

[5]    On March 11, 2015, Case Nos. 15-242, and 15-249 were consolidated into Case No. 15-207. *See Coast Prof'l, Inc. v. United States*, No. 15-207, Dkt. 41 (Fed. Cl. Mar. 11, 2015). On March 16, 2015, Case No. 15-265 also was consolidated into Case No. 15-207. *See Coast Prof'l, Inc. v. United States*, No. 15-207, Dkt. 58 (Fed. Cl. Mar. 16, 2015).

term of the 2015 ATE Task Orders was from April 22, 2015 to April 21, 2017.  5/31/17 Am. Compl. ¶ 21.

On June 15, 2015, Pioneer also filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit.  *See Coast Prof'l, Inc. v. United States*, No. 15-207, Dkt. 165 at 1–2 (Fed. Cl. June 15, 2015).

On August 12, 2015, *Coast Prof'l, Inc. v. United States*, No. 15-207 was assigned to the undersigned judge.

On July 12, 2016, the United States Court of Appeals for the Federal Circuit vacated and remanded *Coast Professional I* for further proceedings, holding that the United States Court of Federal Claims had jurisdiction to adjudicate the pending bid protest challenges of ED's 2015 ATE Task Order awards to ConServe, ACT, FMS, GC Services, and Windham, pursuant to 28 U.S.C. § 1491(b).  *See Coast Prof'l, Inc. v. United States*, 828 F.3d 1349, 1357 (Fed. Cir. 2016) (*Coast Professional II*).

On remand, on January 13, 2017, NRI, Pioneer, Alltran, and Coast Professional independently filed, under seal, Motions For Judgment On The Administrative Record.  *See Coast Prof'l, Inc. v. United States*, No. 15-207, Dkt Nos. 199, 202, 203, 208 (Fed. Cl. Jan. 13, 2017).  On that same day, Coast Professional filed, under seal, an Amended Complaint.  *See Coast Pro'l, Inc. v. United States*, No. 15-207, Dkt. No. 206 (Fed. Cl. Jan. 13, 2017).

On February 24, 2017, the United States (the "Government") filed a Motion To Dismiss, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 12(b)(1), (6).  *See Coast Prof'l, Inc. v. United States*, No. 15-207, Dkt. 213 (Fed. Cl. Feb. 24, 2017).

On February 24, 2017, ED announced that it would take corrective action, "by having the contracting officer reevaluate [Coast Professional, NRI, Alltran, and Pioneer] for ATEs they were denied in 2015."  6/9/17 Gov't Mot. at 3.

On March 22, 2017, the Contracting Officer for the United States Department of Education Debt Collection and Administrative Services, Patty Queen-Harper, declared, in relevant part, the following:

Before issuing any new ATEs, [ED] must complete several tasks:

a. First, Section H.4 (a) of the 2009 Task Orders calls for determinations regarding availability of funds, an assessment of existing Government needs, and acceptance by any prospective awardee of the contract terms.

b. In addition, *I may assess the quality of performance of each firm*[] *under the 2009 task orders, per Sections H.4 and H.7(b) of those task orders. In that assessment, the firms' scores under the Department's Competitive Performance and Continuous Surveillance (CPCS) system are only one aspect. . . . I may review other performance data* available at the time the decisions were made to ensure each firm's eligibility.

c. I must also ensure that any firm who is to receive a new ATE task order holds a current contract under the General Services Administration (GSA)'s Financial and Business Solutions (FABS) Schedule, Special Item Number (SIN) 520-4, Debt Collection. Per Section H.4 of the 2009 Task Orders, new ATE task orders are to be issued under such Schedule contracts.

5/22/17 ConServe Mot., Ex. 2 at 2–4 (3/22/17 Decl. of Patty Queen-Harper) (emphasis added) (citations to the Administrative Record omitted).

On April 5, 2017, the court convened a status conference, during which it directed ED to continue corrective action and stayed *Coast Prof'l, Inc. v. United States*, No. 15-207. 6/9/17 Gov't Mot. at 3.

On April 28, 2017, ED announced completion of the corrective action ("ED's April 28, 2017 Corrective Action") and offered ATE task orders to Coast Professional, NRI, Alltran, and Pioneer (the "2017 ATE Task Orders"). 6/9/17 Gov't Mot. at 4. Alltran and Pioneer accepted their 2017 ATE Task Order awards. 6/9/17 Gov't Mot. at 4.[6]

## II. PROCEDURAL HISTORY.[7]

On May 22, 2017, ConServe filed a Complaint in this case, Docket No. 17-664, under seal, in the United States Court of Federal Claims, alleging at Count 1 that ED's award of the 2017 ATE Task Orders was "beyond the scope of the 2009 Task Orders and 2015 ATEs without full and open competition." ECF No. 1 at 8–10. Count 2 alleged that ED's April 28, 2017 Corrective Action lacked a rational basis. ECF No. 1 at 10. In addition, on May 22, 2017, ConServe filed a Motion

---

[6]     According to the Government, "[b]ecause Coast [Professional] and NRI already have small business set-aside contracts with [ED under Solicitation No. ED-FSA-16-R-0006, issued in 2014] . . . both PCAs had to choose between continuing to perform under their respective set-aside contracts and performing under the newly awarded [2017] ATEs." 6/9/17 Gov't Mot. at 4; *Continental Serv. Grp., Inc., et al. v. United States*, No. 17-449, Dkt. 200 at 1 (Fed. Cl. Oct. 31, 2017); 5/22/17 ConServe Mot., Ex. 2 at 6 (3/22/17 Decl. of Patty Queen-Harper). Coast Professional and NRI elected to continue performance under their respective set-aside contracts awarded in 2014 under Solicitation No. ED-FSA-16-R-0006. 6/9/17 Gov't Mot. at 4. The base term of these set-aside contracts awarded to Coast Professional and NRI in 2014 expire in September 2019. *See Coast Prof'l, Inc. v. United States*, No. 15-207, Dkt. 234 at 5 n.4 (May 10, 2017) ("The 2014 set-aside contracts have a base period that expires in September 2019, as well as an option period that expires in September 2024.").

[7]     On May 2, 2017, the court issued an Order Granting ConServe's Motion For Preliminary Injunction in a different bid protest, *Continental Service Group, Inc., et al. v. United States*, No. 17-449, that enjoined ED from "authorizing the purported awardees to perform on the contract awards under Solicitation No. ED-FSA-16-R-0009; and transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest." *See Continental Serv. Grp., Inc., et al. v. United States*, No. 17-449, Dkt. 87. Therefore, ED is currently enjoined from transferring any work at issue *Continental Service Group, Inc., et al. v. United States*, No. 17-449 to an ATE Task Order awardee in this case.

6

For Temporary Restraining Order ("TRO") And Preliminary Injunction (ECF No. 4), together with a Motion For Protective Order (ECF No. 5), and a Motion To Seal the May 22, 2017 Complaint and the May 22, 2017 Motion For TRO And Preliminary Injunction (ECF No. 6).

On May 22, 2017, this case also was assigned to the undersigned judge.

On May 23, 2017, Alltran filed an Unopposed Motion To Intervene. ECF No. 9. On that same day, Pioneer filed an Unopposed Motion To Intervene. ECF No. 10.

On May 26, 2017, Coast Professional also filed an Unopposed Motion To Intervene. ECF No. 13.

On May 31, 2017, ConServe filed an Amended Complaint, under seal, ("May 31, 2017 Amended Complaint"), alleging at Count 1 that ED arbitrarily and capriciously awarded ATEs on April 28, 2017 to Alltran and Pioneer as Corrective Action, without a full and open competition in violation of the Competition and Contracting Act ("CICA"), 41 U.S.C. § 3301(a), and FAR § 6.303(a). At Count 2, the May 31, 2017 Amended Complaint alleged that ED's Corrective Action also lacked a rational basis, because "it is not rationally related to a defect in the procurement and because it does not ensure fair and impartial competition." ECF No. 14 at 8–10. On May 31, 2017, ConServe also filed an Amended Motion For Temporary Restraining Order And Preliminary Injunction. ECF No. 15.

On June 1, 2017, the court issued an Order granting ConServe's May 22, 2017 Motion For Protective Order. ECF No. 16. On that same day, the court issued an Order granting Alltran's May 23, 2017 Unopposed Motion To Intervene (ECF No. 9), Pioneer's May 23, 2017 Unopposed Motion To Intervene (ECF No. 10), and Coast Professional's May 26, 2017 Unopposed Motion To Intervene (ECF No. 13). ECF No. 17.

On June 1, 2017, NRI filed an Unopposed Motion To Intervene. ECF No. 18.

On June 9, 2017, the Government filed a Motion To Dismiss the May 31, 2017 Amended Complaint for lack of standing ("6/9/17 Gov't Mot."), pursuant to RCFC 12(b)(1). ECF No. 37. On that same day, ConServe filed a Motion To Consolidate Case Nos. 17-449 And 17-664 ("June 9, 2017 Motion To Consolidate"). ECF No. 38.

On June 16, 2017, the court issued an Order granting NRI's June 1, 2017 Unopposed Motion To Intervene. ECF No. 39.

On June 21, 2017, the Government filed a Response in opposition to ConServe's June 9, 2017 Motion To Consolidate. ECF No. 43.

On July 3, 2017, ConServe filed a Reply to the Government's Response to Conserve's June 9, 2017 Motion To Consolidate. ECF No. 44.

On July 5, 2017, Coast Professional filed a Response to the Government's June 9, 2017 Motion To Dismiss. ECF No. 45. On July 7, 2017, NRI filed a Response to the Government's June 9, 2017 Motion To Dismiss. ECF No. 46. On July 10, 2017, ConServe filed a Response to

the Government's June 9, 2017 Motion To Dismiss. ECF No. 47. On July 27, 2017, the Government filed a Reply to each of the above-referenced Responses (ECF Nos. 45, 46, 47). ECF No. 48.

On August 3, 2017, ConServe filed a Motion For Leave To File Sur-Reply. ECF No. 49. On August 4, 2017, the court issued an Order granting ConServe's August 3, 2017 Motion. ECF No. 50. On that same day, ConServe filed a Sur-Reply. ECF No. 51.

On November 3, 2017, ConServe filed a Motion To Compel Production Of The Administrative Record. ECF No. 52.

## III. DISCUSSION.

### A. Subject Matter Jurisdiction.

Subject matter jurisdiction is a threshold issue that a court must determine at the outset of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884))).

Pursuant to the Administrative Dispute Resolution Act of 1995, the United States Court of Federal Claims has jurisdiction

> to render judgment on an action by an interested party objecting to a solicitation by a Federal agency or proposals for a proposed contract or *to a proposed award of a contract* or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. . . . [T]he United States Court of Federal Claims . . . shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

28 U.S.C. § 1491(b)(1) (emphasis added).

The United States Court of Appeals for the Federal Circuit held in *Coast Professional II* that, "the proposed issuance of [ATEs] under [Section] H.4 [of the 2009 Task Orders] . . . constitutes 'a proposed award or the award of a contract[,]' pursuant to § 1491[.]" *See Coast Professional II*, 828 F.3d at 1354 (citing *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1978–79 (2016)) ("When the [agency] places a [GSA Federal Supply Schedule] order, that order creates contractual obligations for each party and is a 'contract' within the ordinary meaning of that term."). Therefore, the United States Court of Appeals for the Federal Circuit held that the "issuance of a new Task Order . . . constitutes the award of a contract and is thus an action over which the [United States] Court of Federal Claims has jurisdiction." *See Coast Professional II*, 828 F.3d at 1357.

The May 31, 2017 Amended Complaint in this case, as that in *Coast Professional II*, challenges ED's issuance of ATE Task Orders under Section H.4 of the 2009 Task Order under ED's April 28, 2017 Corrective Action. 5/31/17 Am. Compl. ¶¶ 1–52. Therefore, ED's issuance of the 2017 ATE Task Orders "constitutes an award of a contract and is thus an action over which

the [United States] Court of Federal Claims has jurisdiction." *See Coast Professional II*, 828 F.3d at 1357.

For these reasons, the court has determined that it has subject matter jurisdiction, under 28 U.S.C. § 1491(b)(1), to adjudicate the May 31, 2017 Amended Complaint's challenge to ED's April 28, 2017 Corrective Action.[8]

B.    Standing.

1.    The Government's Argument.

To satisfy the "direct economic interest" requirement, "a plaintiff 'must show that there was a substantial chance it would have received the contract award but for the alleged error in the procurement process." *Info. Tech. & Applications Corp. v. United States*, 316 F.3d 1312, 1319 (Fed. Cir. 2003). The Government argues that ConServe failed to demonstrate that it has "'a direct economic interest' in the [2017 ATE Task Order] awarded as a result of [ED's April 28, 2017 Corrective Action.]" 6/9/17 Gov't Mot. at 6 (quoting *Distrib. Solutions*, 539 F.3d at 1344). This is so, because ConServe had "no chance . . . [to] receive an [ATE Task Order] award as a result of [ED's April 28, 2017 Corrective Action,] . . . because it already received [a 2015 ATE Task Order] and fully performed the ATE contract[.]" 6/9/17 Gov't Mot. at 6. In fact, awarding ConServe a 2017 ATE Task Order "would defeat the purpose" of ED's April 28, 2017 Corrective Action, because it "would create a disparity in the treatment of the PCAs." 6/9/17 Gov't Mot. at 7.

---

[8]    The Government incorrectly relies on *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308 (Fed. Cir. 2007), to support an argument that ConServe "waived its challenge to [ED's April 28, 2017 Corrective Action] by waiting until after ED had announced the [2017 ATE Task Orders] to file a complaint." 7/27/17 Gov't Reply at 5. In that case, the United States Court of Appeals for the Federal Circuit held that

a party who has the opportunity to object to the terms of a [G]overnment solicitation *containing a patent error* and fails to do so prior to the close of the bidding process waives its ability to raise the same objection afterwards in a [28 U.S.C.] § 1491(b) action in the [United States] Court of Federal Claims.

*Blue & Gold Fleet, L.P.*, 492 F.3d at 1315 (emphasis added).

In this case, the May 31, 2017 Amended Complaint does not allege that either RFQ No. ED-08-0052 or the 2009 Task Order contained a patent error. *See generally* 5/31/17 Am. Compl. In fact, ConServe relies on the plain language of Section H.4 of the 2009 Task Order to evidence that ED may award multiple ATEs. 7/10/17 ConServe Resp. at 12 (citing Section H.4 of ConServe's 2009 Task Order) ("the Contractor may earn performance extensions (hereinafter called 'award terms')") (emphasis omitted). Therefore, because ConServe does not "object to the terms of a [G]overnment solicitation," it has not waived its ability to challenge ED's April 28, 2017 Corrective Action. *See Blue & Gold Fleet, L.P.*, 492 F.3d at 1315.

In addition, ConServe is "unable to demonstrate that it [was] an 'actual bidder' for standing purposes, because it has already received an ATE." 6/9/17 Gov't Mot. at 9 (quoting *Distrib. Solutions*, 539 F.3d at 1344). As this court held in *Kellogg Brown & Root Servs. v. United States*, 117 Fed. Cl. 764 (2014), "[a]lthough most federal contractors were at one point offerors for the contracts they received, once the contracts are awarded their interest in disputes with the [G]overnment are those of contractors, not offerors." 6/9/17 Gov't Mot. at 9 (quoting *Kellogg Brown & Root Servs.*, 117 Fed. Cl. at 769), *aff'd in part on other grounds, rev'd in part on other grounds*, 728 F.3d 1348, 1372 (Fed. Cir. 2013), *opinion corrected on denial of reh'g*, 563 F. App'x 769 (Fed. Cir. 2014).

### 2. Plaintiff's Response.

ConServe responds that it satisfied the "prospective bidder or offeror" requirement, because "it diligently pursued its protest rights by filing a protest with [the United States Court of Federal Claims] after ED improperly awarded . . . the 2017 [ATE Task Orders] to Alltran and Pioneer without competition." 7/10/17 ConServe Resp. at 7. In addition, ConServe is a "potential bidder" for the 2017 ATE Task Orders, because the plain language of ConServe's 2009 Task Order states that ConServe may be awarded multiple ATEs. 7/10/17 ConServe Resp. at 12 (citing Section H.4 of ConServe's 2009 Task Order) ("the Contractor may earn performance extensions (hereinafter called 'award terms')") (emphasis omitted). Therefore, ConServe is not limited to a single ATE and was a "potential bidder" for the 2017 ATE Task Orders. 7/10/17 ConServe Resp. at 13 (quoting *Distrib. Solutions*, 539 F.3d at 1344).

ConServe adds that it satisfies the "direct economic interest" requirement, because "'there was a substantial chance it could have received the contract award [on April 28, 2017,] but for the error in the procurement process.'" 7/10/17 ConServe Resp. at 13 (quoting *Info. Tech. & Applications Corp.*, 316 F.3d at 1319). ConServe insists that it was eligible for a 2017 ATE Task Order, because the contracting officer "declared that she would only look at whether or not a PCA qualified under Section H.4 [of the 2009 Task Order] (*i.e.* has a CPCS Score average of 85 or greater), potentially look at some 'performance data,' and perform a responsibility determination[.]" 7/10/17 ConServe Resp. at 14 (citing ECF No. 15, Ex. 5 (2/22/17 Decl. of P. Queen-Harper, ED Contracting Officer); ECF No. 15, Ex. 3 (3/22/17 Decl. of P. Queen-Harper, ED Contracting Officer)). The Government concedes that ConServe "had the requisite performance ratings to be eligible for a [2017 ATE Task Order.]" 7/10/17 ConServe Resp. at 14 (quoting 6/9/17 Gov't Mot. at 9). Therefore, ED's error was to exclude ConServe from consideration for a 2017 ATE Task Order, despite being eligible for an award under Section H.4 of the 2009 Task Order. 7/10/17 ConServe Resp. at 13.

In sum, ED is required to "procure the PCA services in the 2017 ATE [Task Orders] through full and open competition," because they are "new awards for a new scope of work." 7/10/17 ConServe Resp. at 7–9 (emphasis omitted) (citing CICA, 41 U.S.C. § 3301(a) ("[A]n executive agency in conducting a procurement for property or services shall—(1) obtain full and open competition through the use of competitive procedures in accordance with the requirements of this division and the [FAR]") and FAR § 6.303(a) ("A contracting officer shall not . . . award any . . . contract without providing for full and open competition, unless the contacting officer" justifies the use of such actions in writing, certifies the accuracy and completeness of the justification, and obtains the approval required by FAR § 6.304)). As the United States Court of

Appeals for the Federal Circuit has held, "[e]ach new round of Task Orders under a GSA Schedule contract is a 'proposed award or the award of a contract[.]'" 7/10/17 ConServe Resp. at 8 (quoting *Coast Professional II*, 828 F.3d at 1356); *see also id.* at 1354 ("issuance of a new Task Order against a GSA Federal Supply Schedule contract constitutes an award of a contract.") (citing *Kingdomware Techs., Inc.*, 136 S. Ct. at 1978–79).

### 3.      The Government's Reply.

The Government replies that "ConServe incorrectly argues that the [United States] Court of Appeals for the Federal Circuit's holding in [*Coast Professional II*] mandates full and open competition for the [2017 ATE Task Orders]," because the "question of whether full and open competition was required for the issuance of the [2017 ATE Task Orders] was not before [that court]." 7/27/17 Gov't Reply at 2. Instead, the United States Court of Appeals of the Federal Circuit held only that the United States Court of Federal Claims had jurisdiction under 28 U.S.C. § 1491(b) to adjudicate the "issuance of [ATEs] under [Section] H.4 [of the 2009 Task Orders.]" 7/27/17 Gov't Reply at 2. Although "it may be theoretically possible for [ConServe] to receive more than one ATE under the literal terms of the 2009 [T]ask [O]rders . . . it would be nonsensical to consider ConServe for another ATE as part of the [ED's April 28, 2017 C]orrective [A]ction, [since] ConServe received and fully performed under the [2015 ATE Task Order]. 7/27/17 Gov't Reply at 4. Moreover, ED could not hold a full and open competition for the 2017 ATE Task Orders, because only nine PCAs received CPCS scores qualifying them for an award. 7/27/17 Gov't Reply at 3.

In addition, the 2017 ATE Task Orders are within the original scope of the 2009 Task Orders, because ED "determined to use the ATEs to allow eligible PCAs to continue to service defaulted borrowers until [ED] could conduct a new procurement for replacement task orders" and those new task orders have not yet begun.[9] 7/27/17 Gov't Reply at 6 (quoting 5/31/17 Am. Compl. ¶ 15).

### 4.      The Court's Resolution.

"Standing is a threshold jurisdictional issue." *Myers Investigative & Sec. Servs. v. United States*, 275 F.3d 1366, 1369–70 (Fed. Cir. 2002). The party "invoking federal jurisdiction bears the burden of establishing the[ ] elements [of standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing under 28 U.S.C. § 1491(b)(1), the complaint must allege sufficient facts to show that the plaintiff is an interested party. *See Myers*, 275 F.3d at 1370. In addition, the complaint must allege sufficient facts to establish that the plaintiff was prejudiced by alleged errors in the procurement process. *See Labatt Food Serv., Inc. v. United States*, 577 F.3d 1375, 1378–79 (Fed. Cir. 2009) ("[T]he question of prejudice goes directly to the question of standing[.]").

---

[9]      Those new task orders, awarded by ED to PCAs under Solicitation ED-FSA-16-R-0009 in December 2016, have not commenced, because on May 2, 2017, the court enjoined ED from "authorizing the purported awardees to perform on the contact awards under Solicitation No. ED-FSA-16-R-0009," pending ED's announced Corrective Action in a different bid protest, *Continental Serv. Grp., Inc., et al. v. United States*, No. 17-449, Dkt. 200 at 5 (Fed. Cl. Oct. 31, 2017).

The United States Court of Appeals for the Federal Circuit has held that the term "interested party" in 28 U.S.C. § 1491(b)(1) "is construed in accordance with the [CICA.]" *Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1307 (Fed. Cir. 2006). Therefore, to be eligible as an interested party, "a protestor must show that: (1) it was an actual or prospective bidder or offeror[;] and (2) it had a direct economic interest in the procurement or proposed procurement." *See Distrib. Solutions*, 539 F.3d at 1344.

In this case, ConServe was awarded a 2009 Task Order, under RFQ No. ED-08-0052. 7/10/17 ConServe Resp. at 3. Therefore, ConServe was "an actual or prospective bidder" for RFQ No. ED-08-0052 and any ATE Task Order that subsequently may be awarded thereunder.

But, to establish a direct economic interest in a post-award protest, a plaintiff must show that "it had a 'substantial chance' of receiving the contract." *Rex Serv. Corp.*, 448 F.3d at 1308 (citing *Myers*, 275 F.3d at 1370). In other words, "[t]o have standing, the plaintiff need only establish that it could compete for the contract if the bid process were made competitive." *See Myers*, 275 F.3d at 1370.

In this case, the contract at issue is a 2017 ATE Task Order awarded under ED's April 28, 2017 Corrective Action. *See Coast Professional II*, 828 F.3d at 1357 ("issuance of a new Task Order . . . constitutes the award of a contract"). ED's authority to issue the 2017 ATE Task Orders is governed by Section H.4 of the 2009 Task Order, that states, in relevant part,

> *the Contractor may earn performance extensions (hereinafter called "award terms")*, based upon the quality of performance during the evaluation periods. If the Contractor has an average CPCS rating of 75 or greater over the life of the Task Order,[10] or the last 12 CPCS periods (whichever is shorter), *the Government may, award the Contractor* an award-term extension in accordance with the terms of this clause in recognition of the Contractor's excellent or better quality performance.

5/22/17 ConServe Mot., Ex. 1 at 19 (emphasis added).

In addition, ED's Contracting Officer, Patty Queen-Harper, stated that prior to issuing *any* new ATE Task Order awards, ED must determine the "available funds" and that she

> *may assess the quality of performance of each firm*[] *under the 2009 task orders, per Sections H.4 and H.7(b) of those task orders. In that assessment, the firms' scores under the Department's Competitive Performance and Continuous Surveillance (CPCS) system are only one aspect. . . . I may review other performance data* available at the time the decisions were made to ensure each firm's eligibility.

5/22/17 ConServe Mot. Ex. 2 at 3 (3/22/17 Decl. of Patty Queen-Harper) (emphasis added).

The Government does not dispute that ConServe received the requisite CPCS score to be eligible for a 2017 ATE Task Order. 6/9/17 Gov't Mot. at 9 ("There is no dispute that . . . ConServe . . . had the requisite performance rating[] to be eligible for a [2017] ATE [Task Order]"). But, the

---

[10] ED "later changed [the qualifying CPCS rating] to 85 points." 5/31/17 Am. Compl. ¶ 14.

12

Government argues that "the 2009 [T]ask [O]rders do not contemplate that a PCA is entitled to receive a second ATE[.]" 6/9/17 Gov't Mot. at 9. But, Section H.4 of the 2009 Task Order states only that the Government "*may*" award an ATE Task Order. 5/22/17 ConServe Mot., Ex. 1 at 19. Therefore, whether or not Conserve received a qualifying CPCS score was not a guarantee that it had a "substantial chance" of ever being awarded an ATE Task Order under the 2009 Task Order, particularly in light of the other facts discussed in the Contracting Officer's March 22, 2017 Declaration. In addition, ConServe misreads the holding in *Coast Professional II* to mandate full and open competition, whenever an ATE Task Order is awarded. 7/10/17 ConServe Resp. at 7–8. The only issue before the appellate court in that case was jurisdiction, nothing more.

For these reasons, the court has determined that ConServe is not an "interested party," pursuant to 28 U.S.C. § 1491(b)(1), and does not have standing to seek an adjudication of the claims alleged in the May 31, 2017 Amended Complaint.

## IV. CONCLUSION.

For these reasons, the court has determined that the Government's June 9, 2017 Motion To Dismiss is granted and the May 31, 2017 Amended Complaint is dismissed. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

<u>s/ Susan G. Braden</u>
**SUSAN G. BRADEN**
**Chief Judge**